# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

GABRIEL CASSELL,                                    Civil No. 10-4981 (JRT/TNL)

Plaintiff,

v.

THE COUNTY OF RAMSEY; RAMSEY
COUNTY DISTRICT COURT
ADMINISTRATION; RAMSEY COUNTY
GUARDIAN AD LITEM PROGRAM;
RAMSEY COUNTY CHILD SUPPORT
ENFORCEMENT; SUSAN GAERTNER,
Ramsey County Attorney; ATTORNEY          **ORDER ADOPTING THE**
AUTUMN TOMKINS; JOAN FITZGERALD;              **REPORT AND**
CHIEF JUDGE KATHLEEN GEARIN; JUDGE    **RECOMMENDATION OF THE**
JOHN T. FINLEY; JUDGE STEVEN D.           **MAGISTRATE JUDGE**
WHEELER; JUDGE EDWARD J. CLEARY;
JUDGE M. MICHAEL MONAHAN; JUDGE
GEORGE T. STEPHENSON; JUDGE DALE B.
LINDMAN; JUDGE JOHN VAN DE NORTH;
JUDGE DIANE ALSHOUSE; REFEREE
CHARLES H. WILLIAMS, JR.; REFEREE
MARY E. MADDEN; MAGISTRATE
BRAD A. JOHNSON; MAGISTRATE
COLIA F. CEISEL; OLIVIA JASSAH
CASSELL; ATTORNEY JULIE L. LA FLEUR;
ATTORNEY AMANDA L. HAGEN; and
HANSEN DORDELL BRADT ODLAUG &
BRADT, PLLC,

Defendants.

Gabriel Cassell, 521 Beech Street, Pottstown, PA 19464, *pro se.*

Kimberly Parker, Assistant County Attorney, **RAMSEY COUNTY
ATTORNEY'S OFFICE**, 121 Seventh Place East, Suite 4500, St. Paul,
MN 55101 for defendants the County of Ramsey, Ramsey County Child

Support Enforcement, Susan Gaertner, Autumn Tomkins, and Joan
Fitzgerald.

John S. Garry, Assistant Attorney General, **MINNESOTA ATTORNEY
GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN
55101-2128, for defendants Ramsey County District Court Administration,
Ramsey County Guardian Ad Litem Program, Chief Judge Kathleen
Gearin, Judge John T. Finley, Judge Steven D. Wheeler, Judge Edward J.
Cleary, Judge M. Michael Monahan, Judge George T. Stephenson, Judge
Dale B. Lindman, Judge John Van de North, Judge Diane Alshouse,
Referee Charles H. Williams, Jr., Referee Mary E. Madden, Magistrate
Brad A. Johnson, and Magistrate Colia F. Ceisel.

Marcus A. Jarvis, **JARVIS & ASSOCIATES, PC**, 13630 Oakwood
Curve, Burnsville, MN 55337, for defendant Olivia Jassah Cassell.

Barry A. O'Neil and Nicholas A. Dolejsi, **LOMMEN, ABDO, COLE,
KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000,
Minneapolis, MN 55402, for defendants Julie L. La Fluer, Amanda L.
Hagen, and Hansen Dordell Bradt Odlaug & Bradt, PLLC.

In December 2010 Gabriel Cassell filed a *pro se* complaint against twenty-four

parties, including various state court judges, his ex-wife, and his ex-wife's attorneys,

alleging a conspiracy to violate his due process rights in connection with child support

and custody proceedings in Ramsey County, Minnesota. Specifically, Cassell alleges that

the defendants violated 42 U.S.C. § 1983 and state common law by making

determinations of child support and custody without proper jurisdiction. (Compl. ¶ 4,

Dec. 27, 2010, Docket No. 1.) The defendants filed motions to dismiss the complaint

(*see* Docket Nos. 6, 15, 18, 33, 40, 44) and Cassell opposed each motion (Docket

Nos. 31, 32, 39, 51, 53).

In a Report and Recommendation dated November 2, 2011, United States

Magistrate Judge Tony N. Leung recommended that the Court grant the defendants'

motions and dismiss Cassell's complaint with prejudice.  (Docket No. 111, Report and Recommendation ("R&R").)  Cassell timely raised a host of objections to the R&R. (Nov. 10, 2011, Docket Nos. 113-14.)  On March 6, 2012, Cassell moved to enjoin the conduct that is the subject of his Complaint.  (Mot. for Preliminary Injunction, Docket No. 122.)   Construing the complaint liberally, the Court has carefully considered Cassell's objections, and reviewed *de novo* those portions of the R&R to which Cassell objects.  *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2.  Because the Court finds that it is without jurisdiction to consider Cassell's claims against the state entities and judicial officers, and that the Complaint otherwise fails to state a claim upon which relief can be granted, the Court will adopt the R&R and dismiss Cassell's complaint with prejudice. Cassell's motion for a preliminary injunction will be denied as moot.

## BACKGROUND

Cassell's lawsuit has its origins in child support and custody proceedings initiated against him in Ramsey County, Minnesota.  The proceedings began in June 2005 and have resulted in two decisions by the Minnesota Court of Appeals, which summarize the history of the child support and custody proceedings.[1]  In a 122-page complaint, Cassell alleges twenty causes of action against twenty-four parties for acts allegedly committed during the course of the custody and support proceedings.  The twenty-four defendants

---

[1] *Cassell v. Cassell*, No. A07-1655, 2008 WL 2651425, at * 1-4 (Minn. Ct. App. July 8, 2008), *rev. denied* (Minn. Sept. 23, 2008); *Cassell v. Cassell*, Nos. A10-1085, A10-1524, 2011 WL 781225, at *1-2 (Minn. Ct. App. Mar. 8, 2011), *rev. denied* (Minn. Apr. 19, 2011).

can be divided into four groups: (1) the "State Defendants," comprised of two state entities and thirteen state judicial officers,[2] (2) the "County Defendants," comprised of Ramsey County entities and Ramsey County attorneys,[3] (3) the "Hansen Dordell Defendants," comprised of Cassell's ex-wife's lawyers,[4] and (4) Cassell's ex-wife Olivia Jassah Cassell ("Olivia").

Cassell alleges a number of 42 U.S.C. § 1983 violations as well as state-law tort claims.[5]   In short, Cassell alleges that his ex-wife Olivia and the Dansen Dordell Defendants wrongfully initiated a child support and custody proceeding, that the State Defendants conspired with Olivia and the Hansen Dordell Defendants to conduct the proceedings in an unlawful manner and enter unlawful orders, and that the County Defendants conspired with the other defendants to participate in these unlawful proceedings and to enforce the allegedly unlawful orders flowing from the proceedings.

---

[2]   Specifically, the State Defendants are: the Ramsey County District Court Administration, Ramsey County Guardian Ad Litem Program, Chief Judge Kathleen Gearin, Judge John T. Finley, Judge Steven D. Wheeler, Judge Edward J. Cleary, Judge M. Michael Monahan, Judge George T. Stephenson, Judge Dale B. Lindman, Judge John Van de North, Judge Diana Alshouse, Referee Charles H. Williams, Jr., Referee Mary E. Madden, Magistrate Brad A. Johnson, and Magistrate Colia F. Ceisel.

[3]   The County of Ramsey, Ramsey County Child Support Enforcement, Susan Gaertner, Ramsey County Attorney, Attorney Autumn Tomkins, and Joan Fitzgerald.

[4]   Attorney Julie L. La Fleur, attorney Amanda L. Hagen, and Hansen Dordell Bradt Odlaug & Bradt, PLLC.

[5]   *See* R&R at 4-9 (listing each cause of action and cross-referencing each defendant or group of defendants against whom Cassell brings that cause of action).

The ultimate basis of the action is Cassell's allegation that the child support and custody proceedings were unlawful because the Ramsey County court – formally known as the Second Judicial District – lacked "jurisdiction." (Compl. ¶¶ 4, 9-10, 15.)  Cassell alleges that the court's asserted basis of jurisdiction was that Cassell's minor child resided in Ramsey County, Minnesota at the time the proceedings commenced.[6]  (*See* Compl. ¶ 9-15.)  This Court presumes, as Cassell asserts, that the child resided in Anoka County, not Ramsey, at that time.  (Compl. ¶¶ 6-15.)  Cassell argues that the Ramsey County court therefore lacked jurisdiction, that all subsequent proceedings in Ramsey County were fraudulent, and that the orders resulting from those proceedings are without legal effect.  (*E.g.*, Compl. ¶¶ 4, 69-70, 94.)  During the course of the proceedings, the state district court determined that it had jurisdiction over Cassell's child support and custody dispute.[7]

---

[6] Ramsey County Family Court is a division of the Ramsey County District Court.  The district court has jurisdiction to hear "paternity actions, reciprocal enforcement of support actions and criminal nonsupport cases."  Minn. Stat. 484.64, subd 2.

[7] *Cassell v. Cassell*, No. A07-1655, 2008 WL 2651425, at *2 (July 8, 2008).  Specifically, the court exercised jurisdiction pursuant to the Parentage Act, Minn. Stat. § 257.59, subd. 1, and the Uniform Interstate Family Support Act, Minn. Stat. § 518C.201(2), (7).  *Id.*  The Parentage Act establishes subject matter jurisdiction over child custody and parentage issues.  Minn. Stat. § 257.59, subd. 1.  With respect to venue, it provides: "The action may be brought in the county in which the child or the defendant resides or is found or, if the defendant is deceased, in which proceedings for probate of the defendant's estate have been or could be commenced."  Minn. Stat. § 257.59, subd. 3.

Cassell roots his claim of fraud in Minn. Stat. § 518.156, which delineates the procedure for initiating a child custody proceeding.  A parent can commence a child custody proceeding by: "filing a petition or motion seeking custody . . . in the county where the child is permanently resident or where the child is foud or where an earlier order for custody of the child has been entered."  *Id.* subd. 1(2).

Cassell seeks damages on his section 1983 claims and state law tort claims.   He also seeks injunctive relief under section 1983 in the form of a decree placing all child-custody and child-support cases in Ramsey County, Minnesota, under the supervision of the federal district court and an order vacating all decisions issued against him in the child custody and support case.   (Compl. ¶ 423.)   Each group of defendants moved separately to dismiss Cassell's complaint for want of jurisdiction and failure to state a claim, among other grounds.   The Court will address each motion in turn.   It will then briefly address Cassell's allegation that the judicial system has treated him unfairly.

## ANALYSIS

## I.   STANDARDS OF REVIEW

### A.   Motion to Dismiss for Lack of Jurisdiction

It is the plaintiff's burden to establish that jurisdiction exists.   *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990).   In deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) , the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."   *Id.*   If the Court finds that jurisdiction is not present, it must dismiss the matter.   Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

### B.   Motion to Dismiss for Failure to State a Claim

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light

most favorable to the non-moving party.  *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted).  Finally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## II.     DEFENDANTS' MOTIONS TO DISMISS

### A.     State Defendants

The State Defendants move to dismiss on the grounds that, *inter alia*, the Court lacks subject matter jurisdiction by virtue of the Eleventh Amendment, and that Cassell's complaint fails to state a claim on which relief can be granted pursuant to Rule 12(b)(6). (Mem. In Supp. of Mot. to Dismiss, at 2, Apr. 22, 2011, Docket No. 14.)  Because the Eleventh Amendment divests the Court of subject matter jurisdiction to hear claims

against the State Defendants and because the Complaint otherwise fails to state a claim on which relief can be granted, the Court will grant the State Defendants' motion.

### 1.       Subject Matter Jurisdiction

Absent waiver or Congressional override, the Eleventh Amendment bars claims against a state for alleged deprivation of civil liberties. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). That is, the Eleventh Amendment divests a federal court of subject matter jurisdiction to hear such claims. *United States v. Metro. St. Louis Sewer Dist.*, 578 F.3d 722, 724-25 (8th Cir. 2009). Each of the State Defendants named in Cassell's complaint is a part of the State of Minnesota. (R&R at 12-13 (collecting statutory authorities).) The Court therefore lacks jurisdiction to consider both Cassell's Section 1983 claims and state-law claims against the state entities and the state judicial officers acting in their official capacities. Cassell's objection that the Court has jurisdiction under 28 U.S.C. § 1332 does not change the analysis. The existence of jurisdiction – whether diversity, federal question, or supplemental jurisdiction – is subordinate to the immunities embodied in the Eleventh Amendment. *See, e.g.*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (noting that the Eleventh Amendment restriction applies by its terms to diversity cases).

### 2.       Failure to State a Claim

Even if the Court had jurisdiction, the Complaint must be dismissed if it fails to state a claim on which relief can be granted. State entities and judicial officers acting in their official capacities are not "persons" under § 1983. *Will*, 491 U.S. at 71. The State

Defendants are all state entities or state judicial officers.  Cassell's complaint therefore fails to state a claim against them.  *See Will*, 491 U.S. at 71.

Moreover, judicial immunity bars § 1983 and state-law claims against state judicial officers acting within the scope of their judicial authority, as long as those acts were not undertaken "in the complete absence of jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974).  All acts alleged against the State Defendant judicial officers – *e.g.*, ruling on motions, signing orders, scheduling hearings, questioning parties at hearings, reaching legal conclusions, etc. – are judicial acts.  (*See* R&R 16-17 (collecting acts alleged in the Complaint).) Judicial immunity therefore bars those claims.  *See Glasspoole*, 491 F.2d at 1091.

Cassell objects that the state judicial officers acted "in the complete absence of jurisdiction" because the original assertion of jurisdiction over him was "fraudulent" and "fraud vitiates the entire proceeding."  (Pl.'s Objection to R&R at 2.)  Assuming, as the Court must on a motion to dismiss, that the child lived in Anoka County when the suit was filed, Ramsey County nonetheless had jurisdiction to hear his case because child support and custody is within the ambit of the family court's statutory grant of jurisdiction.  Minn. Stat. § 484.64, subd. 2.

Cassell's "jurisdictional" objection is really an issue of venue.  He argues that the case should have been filed in Anoka County, not Ramsey County – not that the State of Minnesota lacked jurisdiction to hear the case.  Specifically, Cassell roots his fraud claim in Minn. Stat. § 518.156, which delineates the "procedure" related to "commencement of

custody proceeding[s]."[8]  This provision has nothing to do with the **jurisdictional** limits of the Ramsey County District Court or its Family Division.  The Ramsey County Family Court has jurisdiction to hear "all matters involving divorce. . . [as well as] paternity actions, reciprocal enforcement of support actions and criminal nonsupport cases."  Minn. Stat. § 484.64, subd. 2.  And the Minnesota state district courts – of which the family court is a part – have jurisdiction over child custody and parentage issues.  Minn. Stat. § 257.59, subd 1.  With respect to **venue**, custody or parentage claims may be brought "in the county in which the child or the defendant resides or is found . . . ."  *Id.*, subd. 3. Even if venue in Ramsey County was improper – that is, if Cassell's child neither resided in Ramsey County nor could be found there – the Ramsey County court at most acted "in excess of jurisdiction," not in its complete absence.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 & n.6 (1978) (construing judge's jurisdiction determination broadly where the issue is judicial immunity).  Acting in excess of jurisdiction is insufficient to strip state judicial officers of absolute immunity.  *See id.*; *Mireles*, 502 U.S. at 12.  In sum, because judicial officers sitting in Ramsey County had subject matter jurisdiction to consider child-support and child-custody issues, including the question of the court's jurisdiction to hear Cassell's case, judicial immunity bars claims against them.  For these reasons, Cassell's request for damages under § 1983 fails to state a claim against the State Defendants.

---

[8] One commences a custody proceeding by "filing a petition or motion seeking custody . . . in the county where the child is permanently resident or where the child is found  . . . ."  *Id.*, subd. 1(2).

### 3.    Cassell's Requests for Injunctive Relief

Remaining are Cassell's requests for injunctive relief against the State Defendants. Injunctive relief is unavailable for three reasons.[9]  First, there is no indication that a declaratory decree was violated or that declaratory relief was unavailable.  42 U.S.C. § 1983 (stating that no injunctive relief shall be granted unless either of these conditions is met).  Second, the *Rooker-Feldman* doctrine bars Cassell's requests for injunctive relief because Cassell's claim is "inextricably intertwined" with the state child custody and support judgments.  *See In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996).  The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court judgments. *Id.*  Passing on Cassell's requested injunctive relief, specifically his request to order the state district court to vacate the orders issued against him, would necessarily require the Court to review and overturn various state court orders.  This the Court lacks jurisdiction to do.  *See id.*  Cassell's objection – that the *Rooker-Feldman* doctrine does not apply because Olivia and her attorneys perpetrated a fraud on the state court by misstating the location of Cassell's child – is overruled because no such exception exists in the Eighth

---

[9] To the extent Cassell requests appointment of an independent monitor to review the actions of the Ramsey County family court in order to protect other minority *pro se* fathers, he also lacks standing.  Plaintiffs are generally not permitted to bring claims on behalf of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  While limited exceptions exist, *Sec'y of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984) (practical obstacles prevent a party from asserting its own rights); *Singleton v. Wulff*, 428 U.S. 106, 114-15 (1976) (close relationship between plaintiff and third party), Cassell does not allege facts suggesting that these exceptions would apply.

Circuit.  *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035-36 (8ᵗʰ Cir. 1999) (declining to recognize a fraud-on-the-court exception).

Finally, the *Younger* abstention doctrine applies to this Court's review of Cassell's claim.  That doctrine requires federal courts to abstain from exercising jurisdiction when there is an ongoing state proceeding implicating important state interests, and the plaintiff had an adequate opportunity to raise any relevant federal questions in the state proceeding.  *Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8ᵗʰ Cir. 2010).  Minnesota has an important interest in the proper functioning of the state judicial system.  Moreover, Cassell was not barred from raising his federal constitutional claim in state court: the state court proceeding of which Cassell complains was ongoing when Cassell filed his complaint and the Minnesota Court of Appeals had not rendered its decision at that time.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975) (*Younger* abstention applies where litigant has not exhausted state appellate remedies).  Therefore, the *Younger* abstention doctrine requires the Court to abstain from ruling on Cassell's requested injunctive relief.  The Court will therefore grant the State Defendants' motion to dismiss.

## B.    The County Defendants' Motion to Dismiss

The threshold issue is whether the Court has jurisdiction to consider Cassell's claims against the County Defendants.  Again, the *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court judgments.  *See In re Goetzman*, 91 F.3d at 1177.  A challenge to the enforcement of a state court order is a challenge to the order itself.  *See Christ's Household of Faith v. Ramsey Cnty*, 618 F. Supp. 2d 1040, 1044,

1047 (D. Minn. 2009). Here Cassell alleges that the County Defendants withheld income, appeared at child-support hearings, and took other actions pursuant to the initial support obligation order. (Compl. ¶¶ 24, 30, 49, 57, 63, 73, 75, 103, 124-31, 134, 135, 136, 137, 150, 151, 153, 154, 195, 200, 253, 254.) Because the County Defendants took these actions pursuant to obligations created in state court orders, the *Rooker-Feldman* doctrine bars this Court from ruling on the validity of these actions. *See Christ's Household of Faith*, 618 F. Supp. 2d at 1047. Therefore, the Court lacks jurisdiction to consider Cassell's claims against the County Defendants, and it will grant their motion to dismiss.

### C.     The Hansen Dordell Defendants' Motion to Dismiss

The issue is whether the Complaint states cognizable § 1983 claims against the private Hansen Dordell Defendants. Only persons acting under color of state law can be liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). In order to hold a private party liable under § 1983, the plaintiff must allege that there was a mutual understanding, or "meeting of the minds" between the private party and the state actor. *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). Mere allusion to a conspiracy is insufficient; the conspiracy must be pleaded with specificity and factual support. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). Finally, a private attorney's acts of representing a client typically do not constitute state action for § 1983 purposes, *id.*;

*Carlson*, 552 F.3d at 650-51, nor does an attorney's providing information to a government agency. *Miller*, 122 F.3d at 1098.

All of the Hansen Dordell Defendants' alleged acts – filing court documents, attending hearings, submitting evidence, speaking with Cassell on the phone, etc. – occurred within the context of the child support and custody proceedings. (R&R at 28-29 (collecting allegations).) None of the facts alleged gives rise to a reasonable inference that the Hansen Dordell Defendants had a mutual understanding or meeting of the minds with any state actor. Rather, the allegations largely relate to private actions undertaken during the regular course of legal representation.[10] Because the Hansen Dordell Defendants are not state actors, and because Cassell has not colorably alleged a mutual understanding or meeting of the minds between these defendants and any state actor, the Complaint fails to state a claim on which relief can be granted.

Cassell also asserts certain state law claims against the Hansen Dordell Defendants: "intentional infliction of emotional distress and conspiracy," "negligent supervision, training and discipline by Ramsey County," fraud, and defamation. The Complaint does not allege facts that, if true, would satisfy the elements of these causes of action. First, the Complaint fails to state a claim for intentional infliction of emotional distress because none of the alleged acts by the Hansen Dordell Defendants constitute extreme or outrageous conduct. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003) (enumerating elements). Second, the Complaint fails to state a claim for

---

[10] *See also* R&R at 29-30 (detailing why the three most colorable allegations fall short).

civil "conspiracy," functionally a method of asserting vicarious liability, because any such claim depends on a valid underlying tort claim, and the Complaint alleges none. *See Cenveo Corp. v. S. Graphic Sys., Inc.*, 784 F. Supp. 2d 1130, 1136 (D. Minn. 2011). Third, the Complaint fails to state a claim for fraud against the Hansen Dordell Defendants because it alleges no facts that might satisfy the reliance element of fraud. *See M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 289 (Minn. 1992). Finally, the Complaint fails to state a claim for defamation because the only matter allegedly published related to the state judicial proceeding, which is "absolutely privileged." *Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 305 (Minn. 2007).[11]

In sum, as to both the § 1983 claims and the state-law claims, the Complaint fails to state a claim on which relief can be granted. The Court will therefore grant the Hansen Dordell Defendants' motion, and dismiss the Complaint with prejudice as to those defendants.

### D.    Olivia Cassell's Motion to Dismiss

The issue is whether the Complaint states a claim against Olivia Cassell. Again, only those acting under the color of state law can be liable under § 1983. *Carlson*, 552 F.3d at 650. Spouses generally do not act under the color of state law by suing one

---

[11] To the extent Cassell asserts a claim of negligent supervision by Ramsey County against the Hansen Dordell Defendants, that claim is patently frivolous. Finally, to the extent that Cassell's claims are premised on alleged violations of the Minnesota Rules of Professional Conduct, the Complaint does not state a claim on which relief can be granted because violations of those rules cannot give rise to a private cause of action. *See Lennartson v. Anoka-Hennepin Indep. Sch. Dist. No. 11*, 662 N.W.2d 125, 136 (Minn. 2003).

another.  *See Glasspoole*, 491 F.2d at 1091-92.  The Complaint – which alleges that

Olivia commenced legal proceedings, submitted false evidence, received legal advice,

and so on – alleges no facts suggesting that Olivia Cassell was anything other than a

private actor.  It does not allege any facts rendering it probable – rather than merely

possible – that a mutual understanding between Olivia and any state actor existed.  *See*

*Miller*, 122 F.3d at 1098.  Therefore, the Complaint fails to state a § 1983 claim on which

relief can be granted.  *See Hassett*, 851 F.2d at 1129; *Glasspoole*, 491 F.2d at 1091-92.

The state law claims against Olivia Cassell – "intentional infliction of emotional distress

and conspiracy" – fail for the same reasons articulated in Part II.C. with respect to the

Hansen Dordell Defendants.  The Court will therefore grant Olivia Cassell's motion and

dismiss the claims against her with prejudice.

###    E.    Cassell's Claim of Bias and Prejudice

The Court will briefly address Cassell's claims that the judicial system has treated

him unfairly.  Cassell claims, for example, that the Magistrate Judges were biased against

him from the beginning, in part because an order pointed out that his complaint is

"fraught with defects."  (Pl.'s Objection to R&R at 3.)  The promise that every individual

will receive a fair hearing before the courts is a core strength of our democracy.  The

Court takes very seriously allegations of unfairness.  But naked accusations of bias do not

advance a *pro se* plaintiff's cause.  A litigant has the right to represent himself.  Yet "if he

does so, he should be restricted to the same rules of evidence and procedure as those

qualified to practice law; otherwise, ignorance is unjustifiably rewarded."  *Hutter N.*

*Trust v. Door Cnty.*, 467 F.2d 1075, 1079 (7th Cir. 1972).  And *pro se* representation does

not excuse a litigant from complying with substantive law.  *See Ackra Direct Mktg. Corp.*

*v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996); *Farnsworth v. City of Kan. City,*

*Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).  The Magistrate Judge's observation

that Cassell's complaint "appears to be fraught with defects" is not bias; as this Opinion

has explained at length, it is objective reality.  This Court, like every court in the country,

is bound by precedent.  As described throughout this Opinion, precedent mandates that

Cassell's complaint be dismissed.


## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court

**OVERRULES** Cassell's objections [Docket Nos. 113-114] and **ADOPTS** the Report

and Recommendation of the Magistrate Judge dated November 2, 2011 [Docket

No. 111].  **IT IS HEREBY ORDERED** that:

1.      The State Defendants' Motion to Dismiss [Docket No. 6] is **GRANTED.**

2.      The County Defendants' Motions to Dismiss [Docket Nos. 15 and 44] is

**GRANTED.**

3.      The Hansen Dordell Defendants' Motions to Dismiss [Docket Nos. 18 and

40] is **GRANTED.**

4.      Defendant Olivia Jassah Cassell's Motion to Dismiss [Docket No. 33] is

**GRANTED.**

5.    Plaintiff's    Complaint    [Docket    No.    1]    is    **DISMISSED    WITH**

**PREJUDICE**.

**IT IS HEREBY FURTHER ORDERED** that:

6.    Plaintiff's Motion for Preliminary Injunction [Docket No. 122] is **DENIED**

**as moot.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 19, 2012                    s/  _John N. Tunheim_
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                   United States District Judge